LHE:EMR/GK/TBM
F. #2021R00228

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ANDRES GARCIA OSORIO,
    also known as "Flaco"
    and "Alan,"

                  Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

21 CR 336 (S-1) (WFK)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ANDRES GARCIA OSORIO, also known as "Flaco" and "Alan" (the "defendant") agree to the following:

1.     The defendant will plead guilty to Count One of the above-captioned superseding information (the "Superseding Information"), charging a violation of 18 U.S.C. § 2422(a). This count carries the following statutory penalties:

    a.     Maximum term of imprisonment: 20 years
           (18 U.S.C. § 2422(a)).

    b.     Minimum term of imprisonment: 0 years
           (18 U.S.C. § 2422(a)).

    c.     Minimum supervised release term: 3 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or 18 U.S.C. §§ 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be



COURT'S
EXHIBIT NO. 3
IDENTIFICATION/EVIDENCE
DKT.# 21CR336
DATE: 5/30/23

                    sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a) (18 U.S.C. §§ 3583(b), (e) and (k)).

      d.      Maximum fine: $250,000, or twice the gross gain or twice the gross loss (18 U.S.C. §§ 3571(b)(2), (b)(3) and (d)).

      e.      Restitution: mandatory in the full amount of each victim's losses as determined by the Court (18 U.S.C. §§ 2429(a) and (b)(1)).

      f.      $100 special assessment (18 U.S.C. § 3013).

      g.      Other penalties: criminal forfeiture, as set forth below in paragraphs 6 to 7; removal, as set forth below in paragraph 8; and sex offender registration pursuant to the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 et seq. (formerly 42 U.S.C. §§ 16901 et seq.), as set forth below in paragraph 10. (18 U.S.C. § 2428(a), 21 U.S.C. § 853(p))

      2.      The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 36, which is predicated on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level (§§ 2G1.1(c)(1), 2A3.1(a)(2)) | 30 |
| Plus: Involved Conduct Described in 18 U.S.C. § 2241 (§ 2A3.1(b)(1)) | +4 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Total: | 36 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 34 and a range of imprisonment of 151 to 188 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before May 31, 2023, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 33. This level carries a range of imprisonment of 135 to 168 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

        3.        The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

        4.        The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 188 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not

time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 8 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

        5.    The Office agrees that:

            a.    no further criminal charges will be brought against the defendant for (1) conspiring to commit Mann Act violations in or about and between January 2015 and January 2021, (2) sex trafficking involving the individual identified as Jane Doe #1 in or about and between January 2015 and October 2020, (3) Mann Act violations involving the individual identified as Jane Doe #1 in or about and between January 2015 and October 2020, (4) Mann Act violations involving the individual identified as Jane Doe #3 in or about and between August 2020 and January 2021, (5) distributing the proceeds of a prostitution business in or about and between January 2015 and January 2021, and (6) persuading, inducing, enticing and coercing Jane Doe #1 and Jane Doe #3 to travel interstate to engage

in prostitution in or about and between January 2015 and January 2021, it being understood that this agreement does not bar the use of such conduct as predicate acts or as the basis for sentencing enhancements in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Office, it will

  b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

  c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

  6. The defendant acknowledges that property subject to forfeiture may have been obtained and/or acquired as a result of his violation of 18 U.S.C. § 2422(a), as alleged in the above-captioned Superseding Information. The defendant represents that he does not own or hold any interest, directly or indirectly, in any such monies or properties.

  7. The defendant represents that he will disclose all of his assets to the United States on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement") two weeks after the change of plea hearing and will provide copies to Assistant United States Attorneys Erin Reid, Gillian Kassner and Tara McGrath. The defendant agrees that a failure to disclose all assets on the Financial Statement

5

and to inform the government in writing of any material changes related to his ownership or interest in any assets up until the time of sentencing constitutes a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. § 2428(a) and 21 U.S.C. § 853(p) as: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and/or (c) substitute assets. The defendant agrees that the forfeiture of said assets is not to be considered payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

8. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to a violation of 18 U.S.C. § 2422(a), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

10. The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

11. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
    May 30, 2023

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Erin Reid
Gillian Kassner
Tara McGrath
Assistant United States Attorneys

Approved by:

_____
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ANDRES GARCIA OSORIO
Defendant

Approved by:

_____
Carlos Santiago
Counsel to Defendant

Translated by:

_____
José Carlos Venant

8